UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

VILLA BELLINI RISTORANTE &
LOUNGE, INC.,

    Debtor.
_____/

Chapter 11

Case No. 8:19-bk-6943-CPM

VILLA BELLINI RISTORANTE &
LOUNGE, INC.,

    Plaintiff,

v.

CIRO MANCINI,

    Defendant.
_____/

Adv. Pro. No. 8:19-ap-00406-CPM

## MOTION TO DISMISS COMPLAINT
## TO RECOVERY MONEY OR PROPERTY

Defendant Ciro Mancini ("**Mancini**") moves to dismiss debtor-plaintiff Villa Bellini Ristorante & Lounge, Inc. ("**Villa Bellini**")'s four-count complaint for the following reasons:

- Count I fails to state a claim for breaches of fiduciary duties because Villa Bellini does not allege, as Florida law requires, that Mancini affirmatively accepted or undertook the duties of a fiduciary.

- Count II fails to state a claim for fraud and to plead fraud with particularity. Villa Bellini's allegations that Mancini falsely represented that he "would use" the company's credit cards and its monies in bank accounts only for legitimate business expenses fails to state a claim because these statements are at most not of past or present facts, but of future promises, which do not support a fraud claim. Further, Villa Bellini fails to identify what unauthorized checks and bank withdrawals were made and when, either by sufficiently particular factual allegations or by attaching any supporting documents.

- Count III fails to state a claim for conversion. An obligation to pay money, without more, does not establish a claim for conversion. Although the complaint alleges Mancini owes Villa Bellini for unauthorized salary increases and use of corporate funds for personal expenses, these allegations by themselves do not state a conversion claim. Money is

fungible, and a conversion claim cannot be based on money incapable of specific identification.

- Count IV for unjust enrichment should be dismissed because it is a remedy unavailable to Villa Bellini. To the extent the claims at issue in this proceeding are based on a contract between the parties, Villa Bellini cannot state a claim for unjust enrichment.

## Legal Standards

A complaint must include "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing Fed. R. Civ. P. 12(b)(6) and quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts "begin by identifying conclusory allegations," which are "entitled to no assumption of truth." *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011). Only if the remaining "factual content … allows the court to draw the reasonable inference that the defendant is liable" can a complaint stand. *Iqbal*, 556 U.S. at 678. Rule 12(b)(6) applies to adversary proceedings pursuant to Fed. R. Bankr. P. 7012(b).

Rule 9, which applies to this adversary proceeding under Bankruptcy Rule 7009, imposes a heightened pleading standard for a fraud allegation. "In alleging fraud …, a party must state with particularity the circumstances constituting fraud …." Fed. R. Civ. P. 9(b). The party claiming fraud must specify the following:

- the precise statement, document, or misrepresentation made;
- the time, place, and person responsible for the statement;
- the content and manner in which the statement misled the complaining party; and
- what the person responsible for the statement gained by the alleged fraud.

*Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010).

**Argument**

1.   *Count I fails to state a claim for breaches of fiduciary duties.*

The elements for a breach of fiduciary duty are (1) the existence of a duty; (2) breach of that duty; and (3) damages flowing from the breach. *Crusselle v. Mong*, 59 So. 3d 1178, 1181 (Fla. 4th DCA 2011). A fiduciary relationship arises only when a party affirmatively accepts or undertakes the duties of a fiduciary. *Harris v. Zeuch*, 137 So. 135, 138–39 (Fla. 1931).

The complaint fails to state a claim for breaches of fiduciary duties because it fails to allege that Mancini affirmatively accepted or undertook a fiduciary's duties. Instead, Villa Bellini tries to establish a duty by alleging that Mancini represented that he was an experienced, skilled, and effective chef and general manager of Italian restaurants and could profitably operate. Compl. ¶ 21. None of these alleged representations, however, establish that Mancini affirmatively accepted or undertook the duties of a fiduciary. Therefore, the Court should dismiss Count I.

2.   *Count II fails to state a claim for fraud and to plead fraud with particularity.*

A party may be granted relief from fraud or a fraudulent misrepresentation if it can show (1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induced another to act on it; and (4) consequent injury by the party acting in reliance on the representation. *Johnson v. Davis*, 480 So. 2d 625, 627 (Fla. 1985). Because an actionable misrepresentation "must ordinarily relate to a past or existing fact," a promise to do or not to do something in the future "is not actionable fraud." *Royal Typewriter Co.* v. *Xerographic Supplies Corp.*, 719 F.2d 1092, 1104 (11th Cir. 1983) (citing Florida cases).

The allegations that Mancini falsely represented that he "would use" the Villa Bellini credit card and its monies in bank accounts only for legitimate business expenses do not support a fraud

claim. Even if Mancini made these representations, they are at most promises relating to future action, not a past or existing fact. Because these alleged statements are not fraudulent misrepresentations, Villa Bellini fails to state a claim for fraud based on them.

Also, Villa Bellini fails to plead fraud with particularity. The complaint alleges, "Mancini repeatedly wrote unauthorized checks to himself from the Debtor's bank accounts" and "repeatedly used his signature authority … to pay his and his wife's personal credit cards on which they had charged personal expenses." Compl. ¶¶ 14–15. The complaint fails, however, to provide any precise statement, document, or misrepresentation made by Mancini; identify the time and place of these alleged statements; explain how the alleged statements misled Villa Bellini; or assert what Mancini gained by the alleged fraud. Therefore, the Court should find that Villa Bellini has failed to plead fraud with the particularity required under Rule 9 and dismiss Count II.

3. *Count III fails to state a claim for conversion.*

An obligation to pay money does not, without more, establish a conversion claim. *Misabec Mercantile Inc. de Panama v. Donaldson Lufkin & Jenrette ACLI Futures, Inc.*, 853 F.2d 834, 837 (11th Cir. 1988). Conversion cannot be based on the taking of fungible money incapable of specific identification. *Florida Dep't Ins. v. Debenture Guaranty*, 921 F. Supp. 750, 757 (M.D. Fla. 1996). Thus, the allegations that Mancini owes Villa Bellini for unauthorized salary increases, use of corporate credit cards, and bank withdrawals do not by themselves support a conversion claim. The Court should dismiss Count III.

4. *Count IV, which alleges unjust enrichment, should be dismissed because it is a remedy unavailable to Villa Bellini.*

In Florida, no equitable quasi-contractual remedy under the theory of unjust enrichment may be awarded when there is an enforceable contract. *Williams v. Bear Stearns & Co.*, 725 So. 2d 397, 400 (Fla. 5th DCA 1998). Villa Bellini's allegations against Mancini suggest that a contract

exists between the parties. To the extent Villa Bellini's claims are based on a contract, Villa Bellini cannot state a claim against Mancini for unjust enrichment. Therefore, the Court should dismiss Count IV.

### Conclusion

Because Villa Bellini has failed to state claims for breaches of fiduciary duty, fraud, conversion, and unjust enrichment and to plead its fraud claim with particularity, the Court should dismiss the complaint in its entirety.

    /s/ *Michael J. Hooi*
Scott A. Stichter (FBN 0710679)
Michael J. Hooi (FBN 0065377)
Stichter, Riedel, Blain & Postler, P.A.
110 East Madison Street, Suite 200
Tampa, Florida  33602
sstichter@srbp.com
mhooi@srbp.com
(813) 229-0144 – Phone
(813) 229-1811 – Fax
Attorneys for Ciro Mancini

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by the Court's CM/ECF system or U.S. MAIL on this 12th day of September, 2019 to:

Michael P. Brundage, Esquire
Brundage Law, P.A.
100 Main Street, Suite 204
Safety Harbor, FL  34695

Office of the U.S. Trustee
501 E. Polk Street, Suite 1200
Tampa, FL  33602

All parties receiving electronic notice

                                                     /s/ *Michael J. Hooi*
                                                     Michael J. Hooi